# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7753 | **DATE** | 10/4/2001 |
| **CASE TITLE** | Ostler vs. Oce'-USA, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We deny Mrs. Ostler's motion (Doc 13-1) for summary judgment in its entirety. We grant Oce' summary judgment (Doc 19-1) that Mrs. Ostler may not seek the relief contained in her complaint and that they did not breach any fiduciary duty owed to Ostler.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 0 5 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 01 OCT -4 PM 4:37 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 0 5 2001

| | |
|---|---|
| JANICE OSTLER, as trustee of the TIMOTHY J. OSTLER LIVING TRUST dated January 14, 2000,<br><br>Plaintiff,<br><br>vs.<br><br>OCE'-USA, INC.,<br><br>Defendant. | 00 C 7753 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on cross-motions for summary judgment. For the reasons stated below, Plaintiff Janice Ostler's motion is denied and Defendant Océ-USA's motion is granted.

## BACKGROUND

Tim Ostler ("Ostler") worked full-time for Defendant Océ-USA, Inc., ("Océ") until December 3, 1999. On that date, he took a short-term disability leave because he suffered from non-Hodgkin's lymphoma. Océ was in the process of changing its employee benefits package when Ostler took his leave. Part of the new offering, which would take effect on January 1, 2000, was supplemental life insurance

coverage offered by a company called Reliastar. Ostler received a Benefits Highlights document to assist him in making decisions regarding his benefit elections, and based on the information it contained, he signed up for the Reliastar policy, which gave him an additional $491,000 in life insurance coverage. Océ began deducting premium payments from Ostler's paychecks and supplied him with a benefits confirmation letter that included the Reliastar coverage among his confirmed benefits. Ostler died on March 3, 2000, without ever returning to work.

Janice Ostler ("Mrs. Ostler"), his widow and the plaintiff in this suit, filed a claim with Reliastar for the $491,000 upon Ostler's death. Reliastar denied the claim, stating that because Ostler had been on disability since he signed up for the policy, he did not fulfill a requirement that the employee be "active at work" before coverage would take effect. At this point Mrs. Ostler received a copy of the Reliastar policy, which included the "active at work" requirement. Before this time, the Ostlers had not received anything more than the Benefits Highlights materials, which did not include information about prerequisites to coverage but which stated that only the full terms of the actual policies would govern eligibility. Mrs. Ostler then sought explanation from Océ, who told her that they had not informed Ostler of the "active at work" requirement because they did not know about it before Ostler's death. As such, they agreed that Ostler had not actually been eligible for the

Reliastar policy and returned the premium payments that they had deducted from Ostler's checks. Unsatisfied, Mrs. Ostler filed the instant suit to recover the full $491,000 that would have been paid if Ostler had been properly covered under the policy. She frames her complaint in terms of negligence and breach of the fiduciary duty she asserts is imposed on Océ by ERISA.

The parties have now filed cross-motions for summary judgment on the issues of whether Mrs. Ostler can obtain the remedy she seeks, whether Océ breached its fiduciary duty, and whether Ostler could and would have returned to work if he had been give the additional information regarding the Reliastar requirements.

## LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact ." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed.R.Civ.P. 56(c)). This initial burden may be satisfied by

presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); rather, "[a] genuine issue exists when the evidence is such that a reasonable jury could find for the non-movant," Buscaglia v. United States, 25 F.3d 530, 534 (7th Cir. 1994). When reviewing the record we must draw all reasonable inferences in favor of the non-movant; however, "we are not required to draw every conceivable inference from the record–only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

## DISCUSSION

A. Remedies

ERISA only allows certain remedies to plan participants or beneficiaries. 29 U.S.C. § 1132; Varity v. Howe, 116 S.Ct. 1065, 1078-79 (1996); Mertens v. Hewitt Associates, 113 S.Ct. 2063, 2072 (1993); Bowerman v. Wal-Mart Stores, Inc., 226 F.3d 574, 585 (7th Cir. 2000); Filipowicz v. American Stores Benefit Plans

Committee, 56 F.3d 807, 811 (7th Cir. 1995). These parties can seek only "appropriate equitable relief," even though the statute does not specify exactly which equitable remedies are available. 29 U.S.C. § 1132 (a)(3)(B). The Supreme Court has cautioned that in fashioning appropriate relief, courts must not lose sight of the nature and purpose of benefit plans, and they must respect the policy decisions represented in the exclusion of certain remedies. Varity, 116 S. Ct. at 1079. Because Mrs. Ostler has sought to recover the entire amount of benefits possible under the policy, we must examine whether this remedy is available to her under the applicable ERISA provisions.

Awards of money are usually considered legal remedies but they can be equitable; restitution and back pay are easy examples. Mrs. Ostler claims that the remedy sounds in equity based on a decision from the Second Circuit. Strom v. Goldman, Sachs & Co., 202 F.3d 138 (2nd Cir. 1999). Strom involved a plan administrator who negligently failed to enroll an employee in a supplemental insurance plan until after the employee's death, precluding his widow from receiving the benefits to which she would have been entitled if the company had processed the application in a timely manner. The court held that under such circumstances, "appropriate equitable relief" included allowing the widow to collect the full amount available under the policy. Id. at 147, 148. The court reasoned that

this "make whole" remedy was indistinguishable from the back pay remedy available under Title VII. Because back pay awards under Title VII are regarded as equitable, so too must this new "make whole" remedy under ERISA. Id. at 147.

One of the underlying purposes of Title VII was to address employment discrimination by making its victims whole. 5 Employment Discrimination § 92.02 (Lex K. Larson, ed. 1994). ERISA was never intended to serve such a broad remedial purpose; rather, it focused on establishing a framework to ensure that benefit plans would not be abused or mishandled. 29 U.S.C. §§1001, 1001a, 1001b. As such, the statute by its own terms grants greater protection to the plan itself than to individual participants or beneficiaries. 29 U.S.C. §§ 1109, 1132(a)(2); Anweiler v. American Electric Power Serv. Corp., 3 F.3d 986, 992 (7th Cir. 1993). We therefore respectfully disagree with the Second Circuit's conclusion that Title VII remedies can be imported into an ERISA context, because the rationales underlying the two statutes are simply too different.

The Seventh Circuit has not decided this question directly, but it did indicate that such a remedy would be inappropriate for claims based on a breach of fiduciary duty in a case where the parties had waived the opportunity to argue the issue. Filipowicz v. American Stores Benefit Plans Committee, 56 F.3d 807, 812 (7th Cir. 1995). In addition, based on the Seventh Circuit's treatment of similar issues within

this arena, we do not believe that they would support such an expansion of the remedies available under ERISA. See, e.g., Bowerman, 226 F.3d at 591, 592; Anweiler, 3 F.3d at 992, 993; Frahm v. Equitable Life Assur. Soc. of U.S., 137 F.3d 955, 960 (7th Cir. 1998); Filipowicz, 56 F.3d at 812. Rather, this case seems to be what the Supreme Court in Varity called an ordinary benefit claim dressed up in fiduciary duty clothing. Varity, 116 S.Ct. at 1078.

We therefore deny Mrs. Ostler and grant Océ summary judgment on the issue of the availability of Mrs. Ostler's chosen remedy.

B. Breach of Fiduciary Duty

Océ urges that even if Mrs. Ostler were entitled to seek her chosen remedy, she would still be unsuccessful because she cannot establish that they have breached a fiduciary duty imposed by ERISA. Mrs. Ostler points to the fact that Océ deducted premium payments from Ostler's paycheck and the information contained in the Benefits Highlights package and the benefits confirmation letter. She asserts that these actions created a false impression about coverage that amounted to a breach of Océ's fiduciary duty under ERISA.

Section 1104(a) of ERISA and numerous cases confirm that plan administrators do owe a duty of care to participants and beneficiaries. See, e.g., Anweiler, 3 F.3d at 991; Ream v. Frey, 107 F.3d 147, 153-154 (3rd Cir. 1997);

Berlin v. Michigan Bell Tel. Co., 858 F.2d 1154, 1163 (6th Cir. 1988). This duty does not mean that administrators cannot make honest mistakes. Frahm, 137 F.3d at 959, 960. Mrs. Ostler has offered no evidence that the information Océ erroneously provided was more than that, so we do not consider their actions to rise to the level of a breach of fiduciary duty. Therefore, we grant Océ's motion and deny Mrs. Ostler's motion for summary judgment on the issue of breach of fiduciary duty. There were no misrepresentation, confusing explanations, or other affirmative actions on the part of the administrator with respect to the coverage question.

We do not address the alternative of equitable estoppel, which several cases have allowed when causes of action based on fiduciary breaches have failed. Although Océ discussed the issue in its response and Mrs. Ostler in her reply, Mrs. Ostler did not include estoppel as a basis for relief in her complaint nor in her motion for summary judgment, a fact that she strongly reiterates in her reply. We will not insert claims into the complaint for her at the reply stage of a summary judgment motion.

In light of the above, there is no reason for us to decide the issue of whether Ostler could or would have returned to work if he had known that he would not otherwise be covered under the Reliastar policy.

## CONCLUSION

For the foregoing reasons, we deny Mrs. Ostler's motion for summary judgment in its entirety. We grant Océ summary judgment that Mrs. Ostler may not seek the relief contained in her complaint and that they did not breach any fiduciary duty owed to Ostler.

*[signature: Charles P. Kocoras]*

Charles P. Kocoras
United States District Judge

Dated: October 4, 2001